PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DEAN L. WEST, | CASE NO. 4:11CV02504 |
| Plaintiff, | |
| v. | JUDGE BENITA Y. PEARSON |
| PHYLLIS YEROPOLI, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff Dean West filed this action against Marital Counselor Phyllis Yeropoli, Supervisor Jo Carol Shaw-Franklin, Valley Counseling Services, Inc., Trumbull Lifelines, and Trumbull Lifelines Executive Director April Caraway. ECF No. 1 at 1. Plaintiff, a citizen of Illinois, contends that this Court's federal subject matter jurisdiction is based on diversity of citizenship because all Defendants are citizens of Ohio. ECF No. 1 at 1. In the Complaint, he alleges that his marital counselor breached confidentiality. ECF No. 1. He seeks monetary relief. ECF No. 1 at 2-3. Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2.

For the reasons stated below, the Court grants Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) and dismisses this cause of action pursuant to 28 U.S.C. §1915(e).

### I. Background

Plaintiff's allegations stem from therapist Yeropoli's comments that were made during domestic relations proceedings. ECF No. 1 at 1. While Plaintiff contends he and his now ex-wife, Robin West ("Robin"), attended marital counseling with therapist Phyllis Yeropoli in 2008, he concedes that Robin was Yeropoli's primary client. ECF No. 1 at 1. Plaintiff and Robin each obtained a protective order against the other in 2009. ECF No. 1 at 1. Specifically, Plaintiff filed

(4:11CV02504)

a domestic violence action in Sangamon County, Illinois and was granted a protective order against Robin. ECF No. 1 at 1. Thereafter, Robin filed a similar action against Plaintiff in the Geauga County, Ohio Court of Common Pleas and was granted a protective order against him. ECF No. 1 at 1. They each filed a domestic relations action seeking termination of the marriage, with Plaintiff filing in Illinois and Robin filing in Ohio. ECF No. 1 at 1.

Plaintiff alleges that during one of the legal proceedings, Yeropoli testified either in person or through written correspondence to the court. ECF No. 1 at 1. Plaintiff objects to the testimony given by Yeropoli because she allegedly told the court that Plaintiff caused Robin to lose her house and her car; that Robin was in therapy at a time she was not seeing the therapist; and that Plaintiff had destabilized Robin's household causing her to lose custody of her granddaughter. ECF No. 1 at 1. He asserts that this was a breach of confidentiality. ECF No. 1 at 1-2. Plaintiff informed Yeropoli's supervisors and employers of her actions but they did not take action against her. ECF No. 1 at 2. He seeks $ 15,000.00 for counseling that he believes he is "going to need" and a new security system to protect him from Robin. ECF No. 1 at 2-3. He is also seeking $150,000.00 for punitive damages. ECF No. 1 at 2-3.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of

(4:11CV02504)

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

As an initial matter, Plaintiff does not specify the legal cause of action asserted against Defendants. See ECF No. 1. It appears that he is attempting to lodge a civil claim against Yeropoli for providing testimony that favored Robin. He contends that she had a duty, arising

---

the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV02504)

out of the therapist/patient relationship, to maintain confidentiality and that her testimony breached that duty. The Court liberally construes this as an attempt to assert a claim of negligence or professional malpractice. Plaintiff, however, fails to state a claim upon which may be granted for either of those causes of action. Ohio Revised Code § 2317.02 governs privileged communications and acts. It defines a confidential communication as one that is received by the therapist from the client or advice given to the client by the therapist. *See* R.C. § 2317.02(G). The statute further provides that the client can expressly consent to the testimony of a therapist and, thereby, waive the privilege. R.C. § 2317.02(G)(1)(b). Further, Ohio Revised Code § 2317.02 does not disqualify a counselor or therapist from acting as a witness; it merely disallows testimony concerning confidential communications unless the client that provided the confidence waives the privilege. *Medley v. Russell*, No. 09-CA-18, 2009 WL 3440026 (Ohio App. 5 Dist. Oct. 15, 2009).

     The Complaint does not indicate that Yeropoli revealed a confidence of the Plaintiff to the court. Plaintiff states that the therapist communicated that he caused Robin to lose her house and her car, and that he was responsible for the difficulties Robin was experiencing. ECF No. 1 at 1. He also claims the therapist testified that Robin was her client during a time period when Plaintiff claims Robin was not in therapy. ECF No 1 at 1. Plaintiff does not contend that he imparted this information to the therapist. His objections to the accuracy of the testimony and the acknowledgment that it was not favorable to him, strongly suggests that he was not the source. ECF No. 1 at 1. That information, therefore, is not confidential to Plaintiff. If it is confidential at all, it would be so to Robin. Plaintiff cannot base his claim on a breach of Robin's confidentiality. The mere fact that Yeropoli testified on behalf of Robin does not give

(4:11CV02504)

rise to Plaintiff's cause of action for breach of confidentiality.  Assuming that Yeropoli had a duty to Plaintiff to hold information that he provided to her in confidence, there are no allegations in the Complaint plausibly suggesting that she breached that duty.

The pleading standard of Rule 8 requires the Plaintiff include facts to show more that just sheer possibility that a Defendant acted unlawfully.  *Iqbal*, 129 S.Ct. at 1949.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*.  Plaintiff's Complaint does not provide sufficient information to plausibly suggest that Yeropoli is liable to Plaintiff.

In addition, because Plaintiff has failed to state a claim against Yeropoli, he also fails to state a claim against her supervisor Shaw-Franklin, employer Valley Counseling Services, contractor Trumbull Lifelines, and Trumbull Lifelines Executive Director April Caraway.  The Complaint contains no suggestion of a cause of action against these Defendants.  The Court, therefore, liberally construes the pleading as basing these claims for liability on the doctrine of *respondeat superior*.

Under the doctrine of *respondeat superior*, there must be an underlying tort claim against the employee for the Plaintiff to sustain a claim against the employer.  *Housel v. Raytheon Aircraft Servs., Inc.*, No. 92259, 2009 WL 1629719, *6 (Ohio App. 8 Dist. June, 2009).  In order for an employer to be liable under the doctrine of *respondeat superior*, the tort of the employee must be committed within the scope of employment.  *Byrd v. Faber*, 57 Ohio St.3d 56, 58 (1991).  It also follows then that in order for *respondeat superior* to apply, the claim against the individual employee who caused the tort must be a legally recognizable one.  *Housel v. Raytheon Aircraft Servs., Inc.*, No. 92259, 2009 WL 1629719, at *6.  Plaintiff has not stated a

(4:11CV02504)

viable tort claim against Yeropoli, and he, therefore, cannot rely upon the doctrine of *respondeat superior*.

Finally, to the extent Plaintiff intended to assert some other State law claim, he has failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on Defendants to speculate potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently plead viable causes of action.

### IV. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis,* ECF No. 2, is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28

(4:11CV02504)

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

  IT IS SO ORDERED.


| February 21, 2012 |   /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

 [2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."